IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| RICKY L. WALKER, #585916 | § | |
| VS. | § | CIVIL ACTION NO. 6:05cv271 |
| P. W. PACE, ET AL. | § | |

ORDER OF DISMISSAL

Plaintiff Ricky L. Walker, an inmate confined in the Texas prison system, proceeding *pro se* and *in forma pauperis,* filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983. The complaint was referred to United States Magistrate Judge Judith K. Guthrie, who issued a Report and Recommendation concluding that the complaint should be dismissed. The Plaintiff has filed objections.

The Report of the Magistrate Judge, which contains her proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and having made a *de novo* review of the objections raised by the Plaintiff to the Report, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and the objections of the Plaintiff are without merit.

It is noted that the Plaintiff complained about the decision to confine him in safekeeping. However, the facts as developed reveal that Major Cook took steps to place him in safekeeping for his own protection because of an effeminate demeanor. The Plaintiff may disagree with the decision, but federal courts may not interfere with classification decisions except in extreme circumstances.

*Jackson v. Cain*, 864 F.2d 1235 (5th Cir. 1989); *Young v. Wainwright*, 449 F.2d 338 (5th Cir. 1971). Absent evidence of abuse, the classification of prisoners is a matter left to the discretion of prison officials. *McCord v. Maggio*, 910 F.2d 1248, 1250 (5th Cir. 1990). The Plaintiff has failed to show an abuse of discretion. He also characterized the decision as retaliatory, but the claim must fail because he offered nothing more than his personal belief that he was the victim of retaliation. *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir.), *cert. denied*, 522 U.S. 995 (1997). Conclusory allegations of retaliation are not enough. *Moody v. Baker*, 857 F.2d 256, 258 (5th Cir. 1988). Moreover, he failed to show that "but for" a retaliatory motive, the Defendants would not have engaged in the action. *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995), *cert. denied*, 516 U.S. 1084 (1996). The facts as alleged and developed fail to state a claim upon which relief may be granted and are frivolous in that they lack any basis in law and fact. Magistrate Judge Guthrie appropriately recommended that the case be dismissed pursuant to 28 U.S.C. § 1915A(b)(1). Therefore the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court. It is accordingly

**ORDERED** that the cause of action is **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(a)(b)(1). It is further

**ORDERED** that all motions by either party not previously ruled on are hereby **DENIED**.

**SIGNED this 6th day of January, 2006.**

WILLIAM M. STEGER
UNITED STATES DISTRICT JUDGE